IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:15-CR-109-AT-3 |
| | : | |
| RYAN VINCENT HILL, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Presently before the Court is Magistrate Judge Justin S. Anand's Report and Recommendation ("R&R") [Doc. 264] recommending that the Court deny Defendant's motions to suppress [Docs. 80, 240]. The Defendant has filed objections to the R&R [Doc. 271].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objects on numerous grounds to the Magistrate Judge's Report and Recommendation. In particular, the Defendant objects to these findings reached by the Magistrate Judge:

- that the automobile exception was properly applied to justify the search in this case;

- that probable cause supported the search;

- that the scope of the search conducted here exceeded the particularized probable cause predicate for the specific search;  and,

- that Defendant had no standing to contest the search of the vehicle because it had been abandoned in the parking lot.

Accordingly, the Court has reviewed the record in this case on a de novo basis.  After an independent de novo review of the record, the Court finds that the R&R is correct with respect to its application of the automobile exception and determination that probable cause supported the parameters of the search conducted in this case.  The Court therefore need not reach the issue of whether Defendant had abandoned his vehicle and waived his right to challenge the violation of his privacy rights under the Fourth Amendment. While the Defendant's objections are persuasively argued by counsel, the reality is that the breadth of the automobile exception doctrine developed under Supreme Court and federal circuit jurisprudence effectively sweeps away the logical force of Defendant's arguments.

First, the Court finds that the police had probable cause to search the vehicle without a warrant based upon the factual circumstances here in combination with well developed legal principles for addressing warrant exceptions involving automobiles.  There is no real dispute that the Mercedes

automobile involved here had been identified in a high speed chase directly following a suspected robbery of a Wells Fargo Bank in Atlanta. The police chased the Mercedes that sped from the Ellenwood residence where they had tracked stolen items taken by the robbers by dint of the Bank's tracking devices attached to money packs. Even if a variety of items, including stolen money and guns, had already been found at the Ellenwood residential address, the officers had probable cause to believe that other items associated with the robbery or its execution might be found in the Mercedes which the alleged robbers parked (and fled from) at a Mont Zion Road building garage. The police reasonably believed that a search could shed some light on the identity of the men engaged in commission of the robbery or some other relevant dimension of the robbery. (Hearing Tr. at 83-84.)

"If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of *every part of the vehicle and its contents* that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982) (emphasis added). "An individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband. Certainly the privacy interests in a car's trunk or glove compartment may be no less than those in a movable container. *Id.* at 823. *See also Wyoming v. Houghton*, 526 U.S. 295 (1999). Thus, the police officers' search of the glove compartment and discovery of the rental agreement documentation

did not improperly exceed the scope of the search authorized under these circumstances.

Secondly, the Mercedes' flat tire does not preclude application of the automobile relaxed warrant doctrine. While the Mercedes had a flat tire, this condition did not render the car incapable of being moved a short distance at a later time. Nor did the flat tire permanently preclude the car from ready operation anew simply by a quick change of tire, at least as judged from governing legal precedent. As the Eleventh Circuit held in *U.S. v. Nixon,*

> In the light of Supreme Court precedent, we have recognized that *"the ability of a vehicle to become mobile is sufficient to satisfy the exigency requirement." United States v. Alexander,* 835 F.2d 1406, 1409 (11th Cir.1988); *see also California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985); *Michigan v. Thomas,* 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Put differently, the mobility of an automobile is exigency enough. As these cases indicate, the automobile exception to the warrant requirement—like all or almost all other exceptions for warrantless searches—continues to be stated in terms of a showing of both probable cause *and* exigent circumstances. At the same time, these opinions make clear that the requirement of exigent circumstances is satisfied by the "ready mobility" *inherent* in all automobiles that reasonably appear to be capable of functioning.

918 F.2d 895, 903 (11th Cir. 1990) (emphasis supplied). *See also California v. Carney*, 471 U.S. 386, 391-92 (1985) (discussing applicability of the relaxed automobile standard for application of a warrant search exception in cases where an automobile was not immediately mobile and explaining that, "[b]esides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than

4

that relating to one's home or office.") (citations omitted); *U.S. v. Mercado*, 307 F.3d 1226, 1229 (10th Cir. 2002) (holding that vehicle temporarily mechanically inoperable and receiving repairs was still inherently readily mobile and therefore subject to the automobile exception).  In short, under governing principles and precedent, Defendant's exigency objection is disposed of by the combination of the Mercedes' inherent capacity for mobility here in conjunction with the Supreme Court's lower privacy threshold standard associated with automobiles.

Accordingly, the Court **OVERRULES** Defendant's objections [Doc. 271]; **ADOPTS** the Magistrate Judge's R&R [Doc. 264] while not reaching the issue of abandonment addressed by the R&R; and **DENIES** Defendant's Motions to Suppress [Docs. 80, 240].  The Court additionally **ADOPTS** the Magistrate Judge's Order with respect to the briefing of the Defendant's Motion to Sever.

**IT IS SO ORDERED** this 22nd day of June, 2016.

_____
**Amy Totenberg**
**United States District Judge**

5