IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN VINCENT HILL

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION NO.
1:15-CR-109-3-AT

CIVIL ACTION NO.
1:19-CV-2608-AT

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 30 2019

JAMES N. HATTEN, Clerk
By: Deputy Clerk

## PETITIONER'S FILE A MOTION TO LEAVE AN AMEND 15(a) UNDER 28§U.S.C. 2255(f)(1)

AND NOW, Here Comes, Petitioner Ryan Vincent Hill Pro-Se, who avers the following relief at this time. Petitioner will now further comeforth with additional arguments that will also further give him the relief he has to overrule AUSA Carolyn "Tippi" Cain Burch belief that Petitioner cannot be resentence.

Upon these factual finding turning to Rule 15(a), which can be establish to consult additional claims. Now in regards to the facts of Petitioner it would be further address below how each claim will warrant relief in the interest of justice that has now became mis-carriage of justice. Due to the facts of this undersign AUSA Carolyn "Tippi" Cain Burch belief which is clearly mistakening and her response should be STRICKEN from the record.

### SUMMARY OF THE ARGUMENT

CLAIM ONE: PETITIONER CHALLENGE UNITED STATES V. DAVIS, 139 S.Ct. 2319; No. 18-431(June 24, 2019) HOLDS 18 U.S.C.S. § 924(C)(3)(B) WAS UNCONSTITUTIONALLY VAGUE/THEREFORE PETITIONER COUNT THREE SHOULD BE DISMISS

1

## ARGUMENT

Petitioner will challenge the facts which is in January 25, 2017 Closing Arguments: Page 388 Line 23-24, the government rely and stated Mr. Hill was charge with Conspiracy Bank Robbery in Count One. Then further stated at Page 390 Line 1-23, government explain to the jury the "Aid and Abetting Charge", which stem from Bank Robbery charge in Count Two. At this time which was also clear government did explain Mr. Hill[did not have a gun], Page 389 Line 20-22.

Furthermore Petitioner will rely on another circuit opinion which address aiding and abetting liability theory. See(US v. Shumilo, 2016 U.S. Dist. Lexis 152818(CD Cal Oct. 24, 2016)(The United States contends that adopting Petitioner's position "would have bizarre consequences." See Opp'n at 19:7-22. As an example, the United States contends that a person convicted of aiding and abetting a crime of violence could be liable as principal, pursuant to aiding and abetting conviction did not involve the use, attempted use, or threatened use physical force. Id. However, that a Rico Conspiracy is distinguishable, because no underlying crime need actually occur for a defendant to be convicted; indeed, no overt act is required at all. See Salinas, 522 U.S. at 65).

With this theory petitioner further will draw the straws, that this undersign Carolyn "Tippi" Cain Burch also adopt this conclusion when the facts each counts One and Two was under same event. Therefore Petitioner also will rely on his own circuit opinion's which address other conclusions. See(In Re Hammoud, 2019 U.S. App. Lexis 21950 No. 19-12458-G 11 Cir. July 23, 2019)(§ 373 Solicitation offense could have qualified only under §924(c) how-defunct residual clause and his §924(c) conviction in Count 5 is there-

2

fore invalid). See(In Re Weston, 2019 U.S. App. Lexis 22386 No. 19-12670-G 11 Cir. July 26, 2019)(Kidnapping inviolation of 18 U.S.C. § 1201(a)(1)). See(US v. Jackson, et al,(Nos. 15-3693 & 14-2898)(7th Cir. July 30, 2019) (Previously the Court vacated Jackson and Jenkins convictions for using or carrying a firearm to commit a federal crime of violence under 18 U.S.C. § 924(c)(3)(B) and § 924(c)(1)(A)(ii). In light of United States v.Cardena, 842 F.3d 959(7th Cir. 2016), wherein the Court held that 18 U.S.C. § 924 (c)(3)(B) which partially defines "crime of violence" for § 924 was unconstitutionally vague. However, because there was a split among the 924(c) convictions, it was not until the recent case in United States was decided that the Court's opinion was vindicated. As such, Jackson and Jenkins cases were vacated and resentencing); See(In Re Mathews, et al., (Nos. 16-2027/2080/2273/2414/2422)(3rd Cir. August 14, 2019)(the Supreme Court decided United States v. Davis, striking down § 924(c)(3)(B) as unconstitutionally vague); See(US v. Jones, et. al.,(No. 18-30256)(5th Cir. Aug. 12, 2019), the Supreme Court decided United States v. Davis, 319 S.Ct. 2319(2019), which held that residual clause of § 924(c) is unconstitutionally vague); See(US v. Begay,(No. 14-10080)(9th Cir. Aug. 19, 2019)(The panel affirmed a conviction for a second-degree murder (18 U.S.C. §§ 1111 and 1153), reversed a conviction for discharging a firearm during a "crime of violence"(18 U.S.C. § 924(c)(1)(A)), reversed a mandatory restitution order, and remanded for resentencing. The panel held that because second-degree murder can be committed recklessly, it does not categorically constitute a "crime of violence" under the element clause, 18 U.S.C. §924(c)(3)(A). Because in light of United States v. davis, 139 S.Ct. 2319(2019), second-degree murder likewise cannot constitute a crime of violence under the residual clause, 18 U.S.C. §924(c)-

3

(3)(B)).

Petitioner will further also rely on Second Circuit Opinion and sister circuit caselaw. See(US v. Barrett,(No. 14-2641-cr)(2nd Cir. Aug. 30, 2019)(Following a jury trial, defendant challenged his conviction for using firearms in the commission of violent crimes, see 18 U.S.C. § 924(c)(1)(A), in one case causing death, see id. § 924(j). Defendant argued that the predicate felonies for these firearms offenses substantive and conspiratorial Hobbs Act robbery, see id. § 1951 are not "crimes of violence" within the meaning of §924(c)(3)); See(US v.Bowen, 2019 U.S. App. Lexis 26554(10 Cir. Sept. 3, 2019)(that also follow under another approach when a person receive relief upon "witness intimdation statue, 18 U.S.C. 1513, required that one retaliate against a witness by either causing bodily injury to a person or damaging the person's property addressed under his 2255 in light of Davis v. United States).

Now we should finally challenge, what will also bring Petitioner contentions at a stand still to show why his argument under[<u>Davis v. United States</u>], should follow the relief in <u>US v. Reece</u>,(No. 17-11078)(5th Cir. Sept. 9, 2019)(Reece stands convicted of four counts of using and carrying a firearm during and in relation to a crime of violence ("COV"), in violation of 18 U.S.C. § 924(c). For three of those four counts, the underlying COV was conspiracy to commit bank robbery. after his convictions were affirmed on direct appeal, Reece filed a federal habeas corpus petition seeking vacatur of his three conspiracy-predicated § 924(c) convictions on the ground that Johnson v. United States, 135 S.Ct. 2551(2015), and Sessions v. Dimaya, 138 S.Ct. 1204(2018), rendered § 924(c)(3)(B) unconstitutionally vague. The district court denied his petition, and Reece appealed. While his appeal was pending, the Supreme Court § 924(c)(3)(B) unconstitutional.

4

See(United States v. Davis, 139 S.Ct. 2319(2019). Because Davis announced a new, retroactively applicable rule of constitutional law, the Court considered the merits of Reece's petition. The Court therefore vacated and remanded for resentencing).

Now also upon these fact finding it should further move the court that[Davis v. United States], develope the threshold for Petitioner to either seek relief on Count One if it charge under the indictment at Doc. 116 or Trial Transcripts on Jan. 25, 2017, page 388 Line 23-24 pointing to "Conspiracy Bank Robbery in Count One", then further turning to Count Two which mirrors the same event, but turn to "Aiding and Abetting theory in Trial Transcripts on Jan. 25, 2017, page 390 Line 1-23. Petitioner will also turn back to a caselaw out of Eleventh Circuit which challenge the duplicitous charges in the indictment. See(US v. Schelei, 122 F.3d 944; No. 95-3004 11 Cir. Sept. 1997)(We held that "a count in an indictment is duplicitous if it charges two or more ' seperate and distinct' offenses. We noted that a duplicitous count poses three dangers (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in subsequent double jeopardy defense; (3) A court may have difficulty dermining the admissibility of evidence).

Furthermore upon this, this theory it would be debatable under "COA" grant and even more determined that Petitioner does warranted Count Three 924(c) charge dismiss at this time in light of[Davis v. United States]. Then upon this fact finding it should be addressed that Petitioner could also rely on [Moncrieffe v. Holder, 569 U.S. 184, 190-91, 133 S.Ct. 1678 (2013)]. Which at this time if the court rely on least culpable charge in the indictment[Doc. 116]it would be Count One that attach to Count Three to

be dismiss under § 924(c)(3)(B) residual clause because Count One Conspiracy charge of Hobbs Act is not crime of violence.

Wherefore Mr. Hill prays Honorable Judge Amy Totenberg GRANTED Petitioner Challenge under[Davis v. United States], Holds Count Three UnConstitutionally Vague and should be dismiss.

## SUMMARY OF THE ARGUMENT

CLAIM TWO: TRIAL COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING COUNT TWO UNDER 18 U.S.C. §2113(d) AND DURING DIRECT APPEAL UNDER PLAIN ERROR REVIEW

## ARGUMENT

Petitioner challenge the facts in the plea bargain which was not sufficient on the record. When Petitioner consistantly carry his burden of proof that he did not possess a weapon. Then thereafter even went to trial due to these reasons. Therefore counsel Albert Norton was clearly ineffective by having Mr. Hill sign a plea bargain deal to Count Two were the evidence under this charge went right to the facts Petitioner always was stating he is innocent of a weapon.

Therefore counsel displayed deficient performance under Strickland v. Washington, 104 S. Ct. 2052(1984), is met under both prongs. See(US v. Broadwater, 292 F.3d 1302; 1304(11 Cir. 2002), Then the facts which is also clear counsel could have raise this challenge on direct appeal and failed to do so. See(Massaro v. United States, 123 S.Ct. 1690(2003), that point to "Cause" and "Prejudice" at[Frady v. United States], which if the counsel would have raise this challenge the outcome would have been different on direct appeal.

Upon this approach Petitioner further will turn to another circuit opinion out of Ninth Circuit. See(US v. Odom, we held that "a bank robber with a concealed gun who never mentions or insinuates having one, but who displays it advertently [cannot] be convicted of armed robbery." 329 F.3d 1032, 1033(9th Cir. 2003). We further held that "Use" of weapon under § 2113(d) requires some type of "active employment" of the weapon. Now in the present case Mr. Hill did not even have a weapon at all see(Trial Transcripts page 389 Line 20-22 this was clearly proven Petitioner never possess a weapon. Then also in these case's it was clear each defendant did not "put in Jeopardy the Life of any person by the use of a dangerous or device. See(18 U.S.C. § 2113(d). Now petitioner will further point to a caselaw that camedown while Petitioner 28 U.S.C. § 2255(f)(1) was within Timed-Barred Oct. 2, 2019.

Wherefore just as in similar sister circuit it should be consider under the same. See(<u>US v. Bain</u>, 925 F.3d 1179-80; 2019 U.S. App. Lexis 17322 no. 10107)(9th Cir. June 11, 2019)(The panel reversed a conviction for armed bank robbery, vacated a sentence, and remanded for further proceedings. The panel held that the defendant's inadvertent placement of a closed pocket knife on the bank counter did not constitute the "use" of dangerous weapon under 18 U.S.C. § 2113(d); an the district court therefore committed plain error under Fed. R. Crim. P. 11(b)(3) by accepting, without a sufficient factual basis, the defendant's guilty affected the defendant's substantial rights because it is reasonably probable that the defendant would not have pleaded guilty to that count, but for the Rule 11 error. Under these circumstances, vacating the sentence is required in order to allow the district court to put together a new package reflecting

its considered judgment as to the punishment the defendant deserves for the crimes of which he remains convicted).

Now also the facts in this sister circuit out of Fifth Circuit it appears this case also is on all merits which are clearly address in this claim. See(<u>US v. Duffy</u>, 456 Fed. Appx. at 439-440; 2012 U.S. App. Lexis 35 No. 10-10103 5th Cir. Jan. 3, 2012).

Which at this stage Petitioner would ask the Honorable Amy Totenburg to agree Mr. Hill has met the burden of proof to establish why count two should be "Strike" from the plea agreement when the facts it was clear Albert Norton should have never agree to tell Mr. Hill to accept a plea with a weapon charge that ties to petitioner belief that he was actual innocent of count three and that was his sole reason for moving toward trial term. Therefore Petitioner count <u>Two</u> should be dismiss and count One is now the only count to stand in the <u>Doc. 116</u>.

Wherefore Mr. Hill prays Honorable Judge Amy Totenburg GRANTED Trial Counsel Was Ineffective For Not Challenging Count Two Under 18 U.S.C. § 2113(d) And During Direct Appeal Under Plain Error Review.

Date: Sept. 26, 2019                                   Respectfully Submitted,

_____
Ryan Vincent Hill #66507-019
FCI Allenwood Medium
P.O. Box. 2000
White Deer, PA. 17887

8

CERTIFICATE OF SERVICE

Ryan Vincent Hill Pro-Se hereby certifies that office of United States Attorney For Northern District of Georgis should receive copy "Petitioner's File A Motion To Leave An Amend 15(a) Under 28 § U.S.C. 2255(f)(1), Upon First Class Mail:

<u>VIA MAIL</u>

CAROLYN "TIPPI" CAIN BURCH
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303

Date: Sept. 26, 2019   X *Ryan H Hill*