IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN VINCENT HILL

*v.*

UNITED STATES OF AMERICA

CRIMINAL ACTION NO.
1:15-CR-0109-3-AT

CIVIL ACTION NO.
1:19-CV-2608-AT

EVIDENTIARY HEARING AND
ORAL ARGUMENT REQUESTED

## BRIEF IN SUPPORT OF PETITIONER'S § 2255 MOTION

## BACKGROUND

The parties have already adequately set forth both the procedural history of this case, as well as the factual background.[1] <u>See</u>, e.g. Government's Response to 28 USC § 2255 [Doc 446] at pp. 1-5; ***U.S. v. Hill***, 732 Fed App'x 759 (11th Cir. 2018) (setting forth the factual basis for Petitioner's direct appeal). Petitioner will not repeat that history, except as necessary for presenting his arguments to the Court.

---

[1] Although proceeding ***pro se*** to this point, both Petitioner and the Government have laid out the procedural and factual basis for arriving at this point.

## DISCUSSION

Petitioner, proceeding ***pro se***, has (perhaps inartfully, but that is of no legal moment[2]), brought several issues to the Court in this § 2255 action.

Primarily, Petitioner has asserted an ineffective assistance claim addressing several specific aspects of prior counsel's decisions/actions.[3] We will address these ***seriatim***.

First, prior counsel failed to file a petition for writ of certiorari based on the Supreme Court's decision in ***Sessions v. Dimaya***, 138 SCt 1204, decided before Petitioner's appeal was decided by the Eleventh Circuit.[4]

Some legal background is appropriate at this juncture. Some years before Mr. Hill's conviction, the Supreme Court struck down the ACCA's[5] residual clause in ***Johnson v. United States***, 576 US 591 (2015).[6] ***Johnson*** addressed the residual clause of the ACCA's definition of "violent felony" which was defined in virtually the same language as the residual clause of 924(c)(3)(B). That is to say, the Supreme

---

[2] <u>See</u>. E.g. ***Erickson v Pardus***, 551 US 89 (2007) (§ 1983 action); ***Tannenbaum v. U.S.***, 148 F3d 1262 (11th Cir. 1998) (§ 2255).

[3] Prior counsel, Albert Norton, Jr., was Petitioner's trial and appellate counsel.

[4] ***Sessions*** was decided April 17, 2018; Appellant's conviction as affirmed on April 25, 2018.

[5] Armed Career Criminals Act, 18 USC 924(e).

[6] That ruling was made retroactive in ***Welch v. United States***, 136 SCt 1257 (2016).

Court had invalidated a provision virtually identical to the provisions under which Petitioner had been sentenced during the pendency of his direct appeal.

Indeed, that claim was presaged much earlier in *James v. United States*, 550 US 192 (2007) where at least three Justices indicated that a vagueness challenge to the ACCA's residual clause – and perhaps similar statutes – should be entertained.[7] The train, as they say, was gathering steam. In short, the case law extant at the time of Petitioner's appeal – and certainly post-*Sessions* – gave counsel the foundation for a viable petition for certiorari.

*Dimaya* moved the bar forward as well. The Supreme Court – as presaged in *James* – moved from the ACCA to other statutory provisions. In *Dimaya*, it was the nearly identical residual clause of 8 USC § 16's definition of "crime of violence." *Dimaya* held that § 16's residual clause contained the same two elements that conspired to render ACCA's residual clause unconstitutionally vague. *Dimaya* was decided before Petitioner's appeal was decided. The train had reached full speed, the track was clear and Petitioner was in a prime position to board.

---

[7] Scalia dissenting, joined by Stevens and Ginsburg, noting that the "shoddy draftsmanship" of the ACCA's residual clause left courts adrift. Indeed there were then a number of challenges to the residual clause after *James* but before *Johnson*. See *US v. Devo*, 457 F. App'x 910 (11th Cir. 2012); *US v. LaCasse*, 567 F3d 763, 765 (6th Cir. 2009); *US v. Spells*, 537 F3d 743, 753 n. 4 (2008).

As we now know, the Supreme Court applied the same rationale once more to strike down the residual clause of 924(c)(3)(B)'s definition of "crime of violence" in *US v. Davis*, 139 SCt 2319 (2019). *Davis* explained that the teaching of *Johnson* and *Dimaya* lead inevitably to the conclusion that this provision suffered the same constitutional vagaries.

So here we are. Some additional legal points now come into play also. It is well established that, it is error to instruct a jury that it can convict on alternative theories of guilt, one of which is invalid. *Hedgpeth v. Pulido*, 555 US 57, 58 (2008); *see also Yates v. United States*, 354 US 298 (1957), *overruled on other grounds by Burks v. US*, 437 US 1 (1978); *Stromberg v. California*, 283 US 359 (1931). Petitioner assumes – but reserves the right to supplement this record – that the Court charged Petitioner's jury using the Eleventh Circuit Pattern Instructions. At the time of Petitioner's trial, the Eleventh Circuit Pattern Instruction on 924(c) – Offense Instruction 35.4 – included <u>both</u> the "elements" clause and the invalid "residual clause." Petitioner's case fits neatly into the aforementioned authority.[8]

Let's recap where we are so far. Petitioner was tried well after *Johnson* invalidated the ACCA's residual clause in 2015. Neither before, during, nor after

---

[8] No further definition of a "crime of violence" was charged, as Offense Instruction 35.4 denominated that question as "a question of law, not of fact." How can that be, since it – in itself – is an element of the 924(c) offense?

Petitioner's trial in 2017 was any challenge and/or issue raised regarding the residual clause of 924(c). At Petitioner's trial, the jury was charged with alternate paths to conviction – per Eleventh Circuit Offense Instruction 35.4 – one of which was invalid. Although *Dimaya* was decided before Petitioner's appeal was decided, no vagueness challenge – nor cert petition was filed on behalf of Petitioner.

Comes now *United States v. Davis*, 588 US ___ 139 SCt 2319 (2019). *Davis* completed the *Johnson* to *Dimaya* double play.[9] *Davis* invalidated the residual clause in 924(c)(3)(B). That *Davis* is retroactive to cases on collateral review is clear. *See also Welch v. United States*, 136 SCt 1257, 1264 (2016) (holding *Johnson* announced a new rule and was therefore retroactive).

Finding Petitioner's claim relies on a retroactive rule breathes life into his § 2255 claim now before the Court.

That Petitioner had "no right to counsel" is the Government's attempt to divert this Court's attention from the issues themselves. With *Dimaya* decided before his appeal, a number of options were available to counsel at that point: moving for a stay and remand to this Court; moving for panel rehearing; moving for rehearing *en banc*, etc. Simply giving up – particularly at that point – can't be an effective option.

---

[9] Tinkers to Evers to Chance, the famous double play combination by the Chicago Cubs immortalized in a poem by Franklin Pierce Adams in *The New York Evening Mail*, July 12, 1910.

## DEVELOPING A RECORD AND REQUEST FOR ORAL ARGUMENT

Suffice it to say that, on the face of this record, an evidentiary hearing is necessary to flesh out the details of Petitioner's claims. His claims are in no sense "frivolous" nor are they "contradicted" by the record. Indeed, they are well grounded in law and fact. An evidentiary hearing is warranted.[10] In advance of ruling on either the request for an evidentiary hearing and/or the petition itself, Petitioner requests an opportunity for argument on the issues presented.

Respectfully submitted,

/s/ Bruce S. Harvey
Georgia Bar No. 335175

146 Nassau Street NW
Atlanta, GA 30303
404-659-4628
bruce@bharveylawfirm.com

---

[10] Generally, the cases that decline to hold an evidentiary hearing arise in the context of a guilty plea. The record is thus "complete" on its face. Not so here.

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this document was prepared using 14-point Times New Roman font, and that I have caused a copy to be electronically filed with the Clerk of Court using the CM/ECF system.

This 5th day of April, 2021.

/s/ Bruce S. Harvey