

Ryan Vincent Hill
66507-519
ALLENWOOD MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
WHITE DEER, PA 17887

---

************** ATTENTION **************

Attorney Registration for Electronic Case Filing (ECF)

Electronic Filing became mandatory for all attorneys effective July 15, 2005. If you are a bar member in good standing with the Northern District of Georgia or an attorney admitted pro hac vice, visit our website at
http://www.gand.uscourts.gov for
information on obtaining ECF access.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0109-AT-3 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| RYAN VINCENT HILL, | : | 1:19-CV-2608-AT |
| Defendant. | : | |

## ORDER

Presently before the Court is Defendant Ryan Vincent Hill's 28 U.S.C. § 2255 motion to vacate. [Doc. 440 as amended Docs. 448, 450 and supplemented Doc. 455]. The parties have filed their briefs, [Docs. 442, 446, 447, 466],[1] and this matter is now ripe for consideration.

**I. Background**

On August 3, 2016, Defendant entered a non-negotiated plea of guilty to one count of engaging in a conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of armed bank robbery in violation of 18 U.S.C. § 2113(a). [Doc. 116]. Defendant proceeded to trial on the sole remaining count of

---

[1] After he filed his motion, his amendments, and his initial brief, Defendant obtained counsel who prepared and filed a reply memorandum, [Doc. 466], to the Government's response.

brandishing a firearm during the commission of a § 2113(a) bank robbery in violation of 18 U.S.C. § 924(c). On January 26, 2017, a jury of this Court found Defendant guilty of that crime. [Doc. 365]. This Court imposed an aggregate sentence of 205 months, which included a mandatory 84-month consecutive sentence for the brandishing conviction.[2] Defendant appealed, and the Eleventh Circuit affirmed his convictions and sentences. United States v. Hill, 732 F. App'x 759, 761 (11th Cir. 2018).

## II. Discussion

In his § 2255 motion, Defendant first raises a claim of ineffective assistance of counsel for his attorney's failure to argue that his § 924(c) brandishing conviction and consecutive sentence should be vacated under Sessions v. Dimaya, 138 S. Ct. 1204 (2018), which the Supreme Court issued while Defendant's appeal was pending. A great deal has been written about Dimaya and the companion cases of Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019), and this Court will not add significantly to that discussion here. The issue raised by those cases is the fairness of a part of the definition of a "crime of violence" or "violent felony" in certain federal criminal statutes. Oversimplifying, under this line of cases, if a criminal defendant is convicted (or

---

[2] Movant's total federal sentence included a 57-month sentence for a conviction in the District of South Dakota. This Court imposed the sentence in this action to run concurrent with 24 months of the South Dakota sentence such that his total sentence for both cases is 238 months. [Doc. 415].

2

his sentence is enhanced) based on violent criminal activity, the conviction (or enhanced sentence) must be vacated if the violent crime was determined based on the "residual clause" of the statute in question. The statute at issue here, § 924(c), imposes mandatory consecutive sentences for using a firearm in connection with a "crime of violence." Section 924(c)(3)(B) defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 924(c)(3) (emphasis added). Where a criminal defendant commits of a crime of violence in connection with the use of a firearm, he faces an increased mandatory minimum sentence.

The italicized portion in the quoted statutory language is the "residual clause," and in Davis, the Supreme Court held that the § 924(c) residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. The other clause— § 924(c)(3)(A)—is called the "elements clause," and convictions under the elements clause do not violate the Constitution. The predicate crime of violence for Defendant's § 924(c) conviction was his § 2113(a) bank robbery conviction, and the Eleventh Circuit has held that "a bank robbery conviction under § 2113(a)

3

qualifies as a 'crime of violence' under § 924(c)(3)(A)'s elements clause because," under the elements of § 2113(a), "a 'taking "by force and violence" entails the use of physical force' and 'a taking "by intimidation" involves the threat to use such force.'" Henderson v. United States, 21-11740, 2023 WL 1860515, at *2 (11th Cir. Feb. 9, 2023) (quoting In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016)). Moreover, under Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), Defendant would bear the burden of demonstrating he is entitled to relief under Dimaya (or Davis if applicable) "'meaning he will have to show that his § 924(c) conviction resulted from application solely of the now-unconstitutional residual clause.'" Alvarado-Linares v. United States, 44 F.4th 1334, 1341 (11th Cir. 2022) (quoting In re Hammoud, 931 F.3d 1032, 1041 (11th Cir. 2019)) (alterations omitted). Determining whether a defendant was sentenced solely under the residual clause is a question of "historical fact," Beeman, 871 F.3d at 1224 n.5. Defendant here has not pointed to portions of the record that demonstrate that this Court resorted to the residual clause to convict him of a violation of § 924(c). Defendant's sole attempt to make such a showing appears in his counseled brief in support of his § 2255 motion where he states that he "*assumes* . . . that the Court charged Petitioner's jury using the Eleventh Circuit Pattern Instructions" which at the time "– included both the 'elements' clause and the invalid 'residual clause.'"

4

[Doc. 466 at 7 (emphasis added)]. Defendant's assumption is, however, incorrect. The trial transcript reflects that in charging the jury, the Court omitted discussion of the § 924(c)(3) "crimes of violence" definitions and stated only that "the defendant is charged with using or carrying a firearm during and in relation to a violent crime. That is, the armed bank robbery" to which Defendant had already pled guilty. [Doc. 380 at 98]. That instruction comports with Eleventh Circuit precedent holding that armed bank robbery under § 2113(a) is a crime of violence under the elements clause of § 924(c)(3)(A).

The upshot of the foregoing discussion is that, at least at this point,[3] Defendant does not have a viable claim under Dimaya or Davis. It thus follows that he cannot demonstrate that his trial or appellate counsel was ineffective for failing to raise meritless claims or that he suffered prejudice. See Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

As noted in the margin above, supra n.1, Defendant obtained counsel to file a brief in reply to the Government's response. That brief, [Doc. 466], addressed only Defendant's claim that his counsel was ineffective for failing to raise the Dimaya/Davis claim. Accordingly, the Court deems Defendant's remaining claims

---

[3] Given the steady drip of the Supreme Court's residual-clause/violent-crime jurisprudence, the Court may ultimately determine that a § 2113(a) armed bank robbery conviction does not qualify as a violent crime under the elements clause, but, as that has not yet happened, this Court is bound by Eleventh Circuit precedent.

5

abandoned. United States v. Dunbar, 718 F.3d 1268, 1279 (10th Cir. 2013) (courts need not consider pro se filings of defendants represented by counsel).

Even if Defendant's remaining claims are not abandoned, the Court concludes that they do not demonstrate that he is entitled to § 2255 relief. The Court agrees with the Government [see Doc. 446 at 12-13] that Defendant's claim that his counsel should have argued for a shorter sentence under Dean v. United States, 137 S. Ct. 1170, 1172 (2017) is without merit. This is because Dean does not, as Defendant implies, require this Court to impose a shorter sentence on other crimes when it is required to impose a mandatory minimum consecutive sentence. The Court likewise agrees with the Government that Defendant did not have a valid claim to relief under Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018), and his counsel was not ineffective for failing to raise a claim related to the interplay of his sentences in this matter and the case in the District of South Dakota. [Doc. 446 at 15-19]. Indeed, defense counsel did in fact raise issues related to the interplay of Defendant's sentences, and this Court ultimately modified Defendant's sentence after such issues were raised. [See Docs. 402, 409, 415.]

Defendant's remaining claims—(1) that his counsel was ineffective for failing to challenge certain sentencing enhancements, and (2) that his counsel was

6

ineffective in failing to raise a double jeopardy challenge to his convictions for both a conspiracy to commit a Hobbs Act Robbery and for armed bank robbery under § 2113(a)—are without merit.

## III. Conclusion

Having reviewed the record in light of the parties' arguments, the Court concludes that Defendant has not shown that he is entitled to § 2255 relief. Accordingly, his § 2255 motion, [Doc. 440 as amended Docs. 448, 450 and supplemented Doc. 455], is **DENIED**, and the Clerk is **DIRECTED** to close Civil Action Number 1:19-CV-2608-AT. Defendant's motions for judicial notice, [Doc. 443], and for a status update, [Doc. 449], are **DENIED** as moot. His motion to amend, [Doc. 450], is **GRANTED** nunc pro tunc.

Finally, Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a

7

constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion, the Court finds that resolution of the issue presented is not debatable by jurists of reason, and a certificate of appealability is **DENIED**.

It is **SO ORDERED** this 31st day of March, 2023.

_____
HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RYAN VINCENT HILL,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL NO. 1:15-CR-109-AT-3

CIVIL ACTION FILE

NO. 1:19-cv-2608-AT

## JUDGMENT

The Court having DENIED the motion filed pursuant to Title 28, United States Code, Section 2255,

Judgment is hereby entered in favor of the Respondent and against the Movant.

Dated at Atlanta, Georgia this 31st day of March, 2023.

                                    KEVIN P. WEIMER
                                    CLERK OF COURT

                         By:   s/Jill Ayers
                                Deputy Clerk

Filed: March 31, 2023
Entered:
In the Clerk's Office
Kevin P. Weimer
Clerk of Court

By: s/Jill Ayers
      Deputy Clerk