IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN VINCENT HILL<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | CRIMINAL ACTION NO.<br>1:15-CR-0109-3-AT<br><br>CIVIL ACTION NO.<br>1:19-CV-2608-AT |

## NOTICE OF APPEAL AND APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, the Petitioner above-named, by and through undersigned counsel, and following the Order of the District Court's to in this case dated March 31, 2023 [Doc. 472], files this his Motion for Certificate of Appealability pursuant to 28 U.S.C. § 2255(c) and Rules 4(a)(1)(A), 5, and 22(b) of the Federal Rules of Appellate Procedure, for review by the Eleventh Circuit Court of Appeals of the District Court's judgment and Order denying his motion to motion to vacate, set aside, or correct a sentence by a person in federal custody in the above-captioned matter and for denying an evidentiary hearing on Petitioner's motion and requesting Certificates of Appealability for the issues raised herein. In support thereof, Petitioner shows as follows:

1

### I. Failure To File Petition For Writ Of Certiorari Based On <u>Sessions v. Dimaya</u>

Petitioner's first claim of error from his § 2255 motion asserted that his trial counsel was ineffective for failing to file a petition for writ of certiorari based on the decision of the Supreme Court in <u>Sessions v. Dimaya</u>, 138 S.Ct. 1204 (2018) that struck down the residual clause of 18 U.S.C. § 16 defining "crime of violence" before the 11th Circuit decided his appeal. [Doc 440] at p. 5; *See* Brief In Support of Petitioner's § 2255 Motion. [Doc 466 at 2]. As described in Petitioner's brief, the journey of a viable challenge to the residual clause of the ACCA on the basis of vagueness began with Justice Scalia's dissent, joined by Justices Stevens and Ginsburg, in <u>James v. United States</u>, 550 U.S. 192 (2007), and continued apace with the Supreme Court in <u>Johnson v. United States</u>, 576 U.S. 591 (2015), striking down the ACCA's definition of "violent felony" in a manner that was virtually identical to the language of 924(c)(3)(B) that defined Petitioner's conviction as a "crime of violence." [Doc 466 at 2-3]. It should have been quite clear to Petitioner's counsel at the time that <u>Dimaya</u> was decided while his appeal was pending to unpack a challenge to his sentence on this basis. Subsequently, because the definition for "crime of violence" for the purposes of 924(c)(3)(B) was "copied and pasted" from the definition in § 16's residual clause that was struck down in <u>Dimaya</u>, the Supreme Court in <u>United States v. Davis</u>, 139 S. Ct. 2319, 2330 (2019) inevitably struck down that residual clause as well. When trial counsel fails

2

to raise a constitutional issue that could reasonably be known by him, or even a novel claim not reasonably available to counsel, a cause for failure to make a claim can exist and prejudice be shown. Reed v. Ross, 468 U.S. 1, 14 (1984). To succeed on a cause and prejudice theory, Hill must show that he suffered actual prejudice. Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013). Hill suffered actual prejudice by trail counsel's failure to raise a claim based on the inadequacy of the jury instructions in light of Dimaya which led to his conviction in Count 3 despite being accused of aiding and abetting armed robbery and not having possession of a firearm or knowledge of its use.

### A. **The trial court's sentence violated the Constitution**

Petitioner's trial counsel failed to cite or argue the holding of Dean v. United States, 137 S. Ct. 1170, 1172 (2017), that the mandatory minimum requirement of § 924(c) would not preclude the trial court from calculating an appropriate sentence on his other counts. [Doc. 426 ]. The historical record fails to indicate that the trial court took it into account. [Id.] Petitioner urges that the trial court's misapplication of the sentencing portion of § 924 violated his rights under the Fifth Amendment to the Constitution as it denied fair notice to per of ordinary intelligence of the reach an application of the statute, and the wording of the statute invited arbitrary enforcement by courts. Johnson, 576 U.S. at 595; Sykes v. United States, 564 U.S. 1, 34 (2011) (Scalia, dissenting). A statute that is too vague to be

3

apprehended by a person of ordinary intelligence 'violates the first essential of due process' which also applies to statutes defining sentences. <u>Johnson</u> at 595-596, (quoting <u>Connally v. General Constr. Co.</u>, 269 U.S. 385, 391 (1926)), <u>United States v. Batchelor</u>, 442 U.S. 114 (1979) (sentencing). Hill suffered actual prejudice from the failure of trial counsel to assert the claim under <u>Dean</u> as his sentence would likely have years shorter had the trial court, for example, run his South Dakota sentence concurrent for more than 24 months [Doc 427 at 39-40].

## B. **Petitioner's conviction for Brandishing a Firearm is not a "crime of violence" under the elements clause.**

In denying a certificate of appealability, the district court, determined that his conviction for § 2113(a) armed bank robbery was a crime of violence under the elements clause of § 924(c) consistent with Eleventh Circuit precedent without including citations. [Doc. 472 at 5]. In <u>Davis</u> however, the Supreme Court declared the residual clause of § 924(c) to be unconstitutionally vague, so a conviction for such an offense must be overturned if it cannot qualify through the elements clause as a crime of violence. <u>Davis</u>,139 S. Ct. at 2336. The one case the district court cited in dispensing with Petitioner's § 2255 motion was <u>Henderson v. United States</u>, 21-11740, 2023 WL 1860515, at *2 (11th Cir. Feb. 9, 2023). In a case involving a bank robbery resulting in death, this Court took a categorical approach to determine if the predicate offense was a crime of violence under the

elements clause. Henderson, 2023 WL 1860515 at 3. However, Petitioner asserts that jurists of reason could conclude that armed robbery does not qualify as a crime of violence under the elements clause of § 924(c). The trial court instructed the jury that in order to convict Hill in Count 3, they had to find that he aided and abetted the robbery. [Doc. 380 at 99-100]. In applying a categorical approach to the elements for aiding and abetting, it's plausible that a defendant could aid and abet a robbery without ever using, threatening, or attempting any force at all.

Other circuits have considered this issue and issued certificates of appealability under similar circumstances. For example, in the Sixth Circuit in Wilson v. United States, in a §2255 motion asserting ineffective assistance of counsel, Wilson asserted identical claims as Petitioner citing Johnson and Dimaya over whether a predicate offense under Tennessee's intentional murder statute constitutes a crime of violence under the elements clause. Wilson v. United States, 2021 U.S. App. LEXIS 32051 at *2-3.  (6th Cir. Oct. 25, 2021). Wilson argued that "this statute could include nonviolent means of murder, such as by poisoning, and was therefore impermissibly overbroad for qualification as a crime of violence under the elements clause of § 924(c)." Id. at *3.  Despite the district court denying a certificate of appealability in the case, the Sixth Circuit considered the holding in *Davis* where a conviction for an offense defined by § 924(c) "must be overturned if the predicate offense cannot qualify as a crime of violence through the elements

5

clause." *Id*. at 6. The Sixth Circuit decided that jurists of reason could decide that the issues deserved to proceed. *Id*. at 7. Hill urges the Court of Appeals to allow this issue to proceed and issue a certificate of appealability on this issue.

## II. The Jury Was Instructed On Aiding And Abetting An Armed Robbery

In the present case, Petitioner contested his charge for brandishing a firearm during an armed robbery under § 2113(a) and was sentenced by the district court following conviction. The district court denied Petitioner's request to be resentenced based on its' reading of the instructions given to the jury that it concluded proves that Petitioner was convicted based on the "elements clause" of the § 924(c)(3) statute alone. [Doc. 472 at 4], citing [Doc. 380 at 98]. The district court considers the fact that none of the language from the "residual clause" of § 924 shows up in the instruction as given. However, the language used by the trial court doesn't exactly track the elements clause, either. The actual instruction given by the trial court reads:

> "In this superseding indictment, the defendant is charged with using or carrying a firearm during and in relation to a violent crime. That is, the armed bank robbery, which the armed bank robbery is charged in Count 2. I instruct you that the defendant has previously pled guilty to Count 2 of the superseding indictment." [*Id.*]

The trial judge went on to instruct the jury that the armed bank robbery was a crime of violence five times. [Doc. 380 at 98-99] Jurists of reason could conclude that just because the trial court avoided using the words "crime of violence" in the

instructions it gave to the jury in this case doesn't automatically mean that the instruction falls firmly under the elements clause of the statute. The trial court's intention was to connect Petitioner's brandishing charge to his conviction for the armed robbery in Count 2 § 2113(a).

### III. Failure Of District Court To Hold An Evidentiary Hearing Is Abuse Of Discretion

The district court's denial of § 2255 relief without holding an evidentiary hearing was erroneous and an abuse of discretion as reasonable jurists could conclude that the issues presented are adequate to deserve encouragement to further proceed. Had the district court allowed a hearing on Petitioner's § 2255 claim, he would have shown that the district court could have resolved the issues in a different manner. Instead, the district court brushed aside Petitioner's arguments about trial counsel's ineffectiveness at the time that his appeal was pending by sidestepping the analysis of Dimaya and declaring that Petitioner's sentence was nonetheless valid because it can be defined under 8 USC § 16 as a "crime of violence" under the elements clause of the statute. It should be noted that subsequent to the decision in Davis, other circuits have allowed § 2255 petitioners to file second motions to litigate their charges in similar cases where there was ambiguity as to whether the offense of conviction was a "crime of violence". See Thompson v. United States, 2020 U.S. App. LEXIS 35374, 2-3 (6th Cir. 2020)

(conviction to conspiracy to commit Hobbs Act robbery); In the present case, the district court disposed of Hill's claim without a hearing and he requests a certificate of appealability and an opportunity to be heard by the Court of Appeals on this issue.

IV. **Developing A Record And Request For Oral Argument**

An evidentiary hearing is necessary to flesh out the details of Hills claims and he requests an opportunity for argument on the issues presented.

This 1st day of May, 2023

           Respectfully submitted,

           /S/ Bruce Harvey
           LAW OFFICES OF BRUCE S. HARVEY
           ATTORNEYS FOR DEFENDANT
           Bruce S. Harvey, #335175
           bruce@bharveylawfirm.com
           Jamie Roberts, #608590
           jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this document was prepared using 14-point Times New Roman font, and that I have cause a copy to be electronically filed with the Clerk of Court using the CM/ECF system.

This 1st day of May, 2021.

                              Respectfully submitted,

                              /S/ Bruce Harvey
                              LAW OFFICES OF BRUCE S. HARVEY
                              ATTORNEYS FOR DEFENDANT
                              Bruce S. Harvey, #335175
                              bruce@bharveylawfirm.com
                              Jamie Roberts, #608590
                              jamie@bharveylawfirm.com

146 Nassau St.NW
Atlanta, GA 30303
(404) 659-4628 office
(404) 681-3953 fax